UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MARK A. STARKEY,            )
                            )
        Plaintiff,          )
                            )
    v.                      )    No. 1:09-CV-175-LMB
                            )
SUSAN BORESI, et al.,       )
                            )
        Defendants.         )

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Mark A. Starkey (registration no. 42745279) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $99.09, and an average monthly account balance of $52.36. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $19.82, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The complaint**

Plaintiff, an inmate at FCI-Big Spring in Big Spring, Texas, seeks monetary and injunctive relief is this action brought under 42 U.S.C. § 1983 for the violation of his Fourth, Fifth, and

3

Eighth Amendment rights. In addition, plaintiff asserts a pendant state claim for defamation of character. The named defendants are Susan Boresi (Assistant Attorney General of the State of Missouri), R. Kevin Barbour (Butler County Prosecuting Attorney), Paul E. Oesterreicher (Butler County Assistant Prosecuting Attorney), John Howard Bloodworth (Butler County Judge), State of Missouri, and Butler County, Missouri.

Plaintiff generally alleges that his wife brought charges against him for aggravated stalking, presumably in Butler County, Missouri. He contends that on the basis of his wife's claims, defendants issued a false arrest warrant, had him arrested in Texas, and conspired "to actively file false charges, conduct illegal seizures and false arrests, and engage in malicious prosecution, without jurisdiction," all in violation of his constitutional rights. Plaintiff asserts that the state charges against him subsequently were dismissed.

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous and malicious. As noted above, legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth. *See Iqbal*, 129 S.Ct. at 1949. In the instant action there are no non-conclusory allegations that would show defendants

violated plaintiff's constitutional rights, and thus, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *See Twombly*, 550 U.S. at 557; *Iqbal*, 129 S.Ct. at 1949.

In addition, plaintiff's allegations against John Howard Bloodworth are legally frivolous. Defendant, a state court judge, is immune from liability for damages under § 1983 because the alleged wrongdoings were performed within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Similarly, prosecutors are "absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976))(internal citations omitted). "[A] prosecutor's decision whether or not to prosecute is protected by absolute immunity." *Roe v. City & County of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997); *see also Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001) (absolute immunity protects prosecutor from damages based on decision not to prosecute).

The complaint is legally frivolous as to the State of Missouri, because the State is not a suable entity for purposes of § 1983. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983). Although Butler

5

County may be subject to liability under § 1983, liability attaches only if the alleged constitutional deprivation is the result of an official policy or custom of the County. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 691 (1978). Plaintiff alleges no facts relative to policy or custom, and therefore, the complaint is legally frivolous as to Butler County.

A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. *Spencer v. Rhodes*, 656 F. Supp. 458, 463 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Id.* at 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

This Court's records indicate that plaintiff is presently serving a federal sentence that was imposed on July 8, 2009, after pleading guilty to using an instrument of commerce to threaten to destroy a building by means of an explosive, in violation of 18 U.S.C. § 844(e). *See United States v. Starkey*, No. 1:08-CV-168-SNLJ-LMB (E.D.Mo.). The grand jury indictment in that case charged

Starkey with one count of willfully threatening to unlawfully destroy a building by means of an explosive, and one count of transmitting "a threat in interstate commerce, by his use of a telephone, to kill Kevin Barbour and Paul Oesterreicher, and that the threat was made to extort the Butler County Prosecutor to dismiss a pending criminal charge against [Starkey]." Barbour and Oesterreicher are named as defendants in the instant action. In light of the circumstances surrounding the filing of the instant action, the Court finds that plaintiff has undertaken the present lawsuit for the purpose of harassing Barbour, Oesterreicher, and the other defendants, and not for the purpose of vindicating a cognizable right. As such, this action will be dismissed as malicious, as well as legally frivolous.

Because plaintiff's federal claims will be dismissed, the Court will also dismiss all remaining pendent state claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

7

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $19.82 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and malicious and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [Doc. #5] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Order and Memorandum.

Dated this 18th day of February, 2010.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**